IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| William Frederick Saar, an individual<br>95 Old Mill Drive, #17<br>Holland, MI 49423<br>(616) 392-8189<br>bsinmich@hotmail.com<br><br>    Plaintiff<br><br>  v.<br><br>Steven B. Tanger, Director, President and CEO<br>Tanger Factory Outlet Centers, Inc.<br>3200 Northline Avenue, #360<br>Greensboro, North Carolina 27408<br><br>And<br><br>Randy Zimmerman, General Manager<br>Byron Center Tanger Outlet Mall<br>350 84th Street SW<br>Byron Center, MI 49315<br><br>    Defendants | Case No.<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF<br><br>[Civil Rights – Alleging Disability-Based Discrimination] |

STEIN HIGGS & HYDE PLLC
Attorneys for Plaintiff
By:  James C. Higgs (P69514)
       Michael C. Hyde (P42440)
117 South University Avenue
Mount Pleasant, MI 48858
Tel: 989-546-7295

## COMPLAINT

There is no other civil action between the parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge.

Plaintiff, William Frederick Saar, (hereinafter the "Plaintiff"), through his undersigned counsels, hereby files this Complaint. In support hereof he states:

## JURISDICTION AND VENUE

1. This is an action for declaratory and injunctive relief pursuant to Title 42 U.S.C. – Public Health and Welfare, Chapter 126 – Equal Opportunity for Individuals with Disabilities, Subchapter III – Public accommodations and services operated by private entities starting with §12181, et. seq. (hereinafter referred to as the "Federal ADA").

2. This Court is vested with original jurisdiction under 28 U.S.C. §1331, pendent and supplemental jurisdiction is proper under 28 U.S.C. § 1367 and thus, this Court has jurisdiction.

3. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(B) in that all events giving rise to this lawsuit occurred in Michigan.

4. The remedies provided by the "Federal ADA" suits are brought under the Federal Civil Rights Act of 1964.

## THE PARTIES

5. Plaintiff William Frederick Saar is a citizen of the United States and resides in Ottawa County, Michigan, which is in this judicial district.

6. Defendant Steven B. Tanger, is the Director, President and CEO, of Tanger Factory Outlet Centers, Inc., 3200 Northline Avenue #360, Greensboro, North Caroline 27408.

7. Defendant Randy Zimmerman, is the General Manager, of Byron Center Tanger Outlet Mall, 350 84th Street SW, Byron Center, MI 49315, a REIT, dba Byron Center Tanger Outlet Mall, 350 84th Street SW, Byron Center, MI 49315, a REIT (hereinafter, collectively, the "Defendants").

## GENERAL ALLEGATIONS

8. This is an action for injunctive relief, attorney's fees and litigation expenses (including, but not limited to, court costs and expert fees) pursuant to Title 42 U.S.C. Public Health and Welfare, Chapter 126 – Equal Opportunity for Individuals with Disabilities, Subchapter III – Public accommodations and services operated by private entities starting with §12181, et. seq., ("THE AMERICANS WITH DISABILITIES ACT of 1990 [PL101-336] and the AMERICANS WITH DISABILITIES AMENDMENTS ACT OF 2008 [PL110-325], the "FEDERAL ADA").

9. On or about and between 2015 and 2106, the Plaintiff visited the outlet mall in the Defendants' Facility known as Byron Center Tanger Outlet Mall and located at 350 84th Street SW, Byron Center, MI 49315 (hereinafter sometimes referred to as "Defendants' Facility" or "Defendants'

Property") encountered or had knowledge of the architectural barriers, violations of the "Federal ADA" as further enumerated and alleged in Paragraph 24 below.

Advocate's Statement:

"I went to the NEW Byron Center Tanger Outlet mall yesterday and was very disappointed. I am alone and use an electric scooter for access. Handicapped parking is not the closest to the entrances and there was not one single door that had any way to open without someone holding it. I travel in a motorhome in warm weather and have never felt so out of place in a "NEW" complex that is less than 1 year old. When I posted that comment on their review site the comment disappeared when I checked back. Apparently they don't want reviews like that. Is this place anything like ADA friendly?"

10. At the time of Plaintiff's visit to the Defendants' Facility, prior to instituting the instant action, Plaintiff William Frederick Saar (hereinafter referred to as "Plaintiff") is a resident of the State of Michigan, County of Kent. Plaintiff William Frederick Saar suffers from what constitutes a "qualified disability" under the "Federal ADA".

11. Plaintiff has a certain developmental disability which limits the use of his legs and uses a wheelchair.

12. The Plaintiff personally visited Defendants' Property, but was denied full and equal access to and full and equal enjoyment of the facilities within Defendants' Property, which is the subject of this lawsuit.

13. The Plaintiff has visited, used, or attempted to use the property which forms the basis of this lawsuit on, about and between the dates above referenced, and but for the negligent discrimination they encountered on the visit, plans to, and intends to, return to the property to avail themselves of the goods and services offered to the public at the property.

14. The Plaintiff has encountered architectural barriers and discriminatory policies and procedures at the subject property.

15. The barriers to access at the property have endangered his safety.

16. Plaintiff is a disabled individual who is currently deterred from patronizing a public accommodation due to Defendants' negligent failure to comply with the "Federal ADA" signed into law in 1990, and so he has suffered an actual injury.

17. Plaintiff is threatened with harm in the future because of existing building ADA violations and imminently threatened non-compliance with the "Federal ADA", and so he has suffered imminent injury.

18. The Facility located at 350 84th Street SW, Byron Center, MI 49315 is registered with the County Assessor as an "Outlet Mall."

19. Defendants may own and/or operate more outlet malls in States and elsewhere in the United States which are also in violation of the "Federal ADA".

OUR TEAM:

Leadership

The individual members of our executive and center management staff's are all highly qualified professionals selected for their talent, knowledge and experience in retail and outlet management. Led by Steven B. Tanger, President and Chief Executive Officer, Tanger management operates in a cordial, caring and competent manner. This has earned them the respect of the industry and gained them loyalty – and friendship of our merchant partners.

STEVEN B. TANGER

Director

President & CEO, Tanger Factory Outlet Centers, Inc.

Director of the Company since May 13, 1993. President and Chief Executive Officer since January 1, 2009. President and Chief Operating Officer from January 1995 to December 2008. Executive Vice President from 1986 to December 1994. Mr. Tanger has served on the Board of Directors of The Fresh Market, Inc. since June 2012.

Mr. Tanger joined the Company's predecessor in 1986 and is the sone of the Company's founder, Stanley IK. Tanger. Together with his father, Mr. Tanger has helped develop the Company into a portfolio of 42 upscale outlet shopping centers in 21 states coast to coast and in Canada, totaling approximately 14.3 million suqre feet leased to over 3,000 stores operated by more than 490 different brand name companies. Mr. Tanger provides an insider's perspective in Board

discussions about the business and strategic direction of the Company and has experience in all aspects of the Company's business.

SHOP OUTLETS. SHOP TANGER

At Tanger, we're committed to bringing you the ultimate shopping experience.

For us, that means guiding you towards the best deals at your favorite designer and brand-name stores. And, thanks to our partnerships with leading fashion industry experts, we can bring you up-to-date fashion reporting on the latest trends. Explore our website to plan your next shopping trip and be sure to download valuable coupons to save even more.

We also offer a number of ways to stay connected for the latest deals. And don't forget to join TangerClub for exclusive member savings and sale events.

When you're looking for the best value, the best brands and the best trendsetting ideas, THINK TANGER OUTLETS.

It's the best place to shop.

Best regards,
Steven B. Tanger
President and Chief Executive Officer

20. The Defendant Steven B. Tanger, Director, President and CEO, Tanger Factory Outlet Centers, Inc., 3200 Northline Avenue #360, Greensboro, North Caroline 27408 and Randy Zimmerman, General Manager, Byron Center Tanger Outlet Mall, 350 84th Street SW, Byron Center, MI 49315, a REIT which is doing business as Byron Center Tanger Outlet Mall, located at , 350 84th Street SW, Byron Center, MI 49315, is authorized to conduct, and is conducting business within the State of Michigan.

21. Upon information and belief, Defendant Steven B. Tanger, Director, President and CEO, Tanger Factory Outlet Centers, Inc., 3200 Northline Avenue #360, Greensboro, North

Caroline 27408 and Randy Zimmerman, General Manager, Byron Center Tanger Outlet Mall, 350 84th Street SW, Byron Center, MI 49315, a REIT, is the owner, lessee and/or operator of the real property (the "Subject Facility"), and the owner of the improvements where the Subject Facility is located and that the real property shall conform to laws, regulations, codes and ordinances of Federal, State, County, City or any other jurisdiction as each may apply, which is the subject of this action: the outlet mall commonly referred to as Byron Center Tanger Outlet Mall, which is located at , 350 84th Street SW, Byron Center, MI 49315, which also maintains and controls the Subject Facility.

22. Defendants own, lease, lease to, or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, Title 42 U.S.C., Chapter 126, Subchapter III §12181(7)(A), §12182(b)(1)(A)(i) and §12183.

23. Defendants are responsible for complying with the obligations of the Federal Civil Rights Laws, one of which is the "Federal ADA".

24. The place of public accommodation that the Defendants own, operate, lease, or lease to, known as Byron Center Tanger Outlet Mall, Steven B. Tanger, Director, President and CEO, Tanger Factory Outlet Centers, Inc., 3200 Northline Avenue #360, Greensboro, North Caroline 27408 and Randy Zimmerman, General Manager, Byron Center Tanger Outlet Mall, 350 84th Street SW, Byron Center, MI 49315, is a REIT, and owns or operates Byron Center Tanger Outlet Mall, which is located at , 350 84th Street SW, Byron Center, MI 49315.

25. All events giving rise to this lawsuit occurred in Kent County, State of Michigan.

26. Venue is proper in this Court as the premises are located in the State of Michigan and Defendants do business within the State of Michigan.

27. Pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title 42 U.S.C., Chapter 126, Subchapter III §12181 et seq. See also 28 U.S.C. §2201 and §2202.

### COUNT I – VIOLATIONS OF THE "FEDERAL ADA"

28. The preceding paragraphs 1 through 27 are incorporated herein by reference as though fully set forth.

29. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act of 1990 ("ADA"), Title 42 U.S.C. §12101 et. seq. with an effective date of January 26, 1992,

followed by the Americans with Disabilities Amendments Act of 2008 ("ADA") on September 25, 2008, with an effective date of January 1, 2009.

30. Congress found, among other things, that:

   (i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

   (ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

   (iii) discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting, and access to public services and public facilities;

   (iv) individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

   (v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity. Title 42 U.S.C., Chapter 126 §12101(a)(1)-(3), (5) and (8).

31. Congress explicitly stated that the purpose of the "Federal ADA" was to:

   (i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

   (ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

   (iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily basis by people with disabilities.
   Title 42 U.S.C., Chapter 126 §12101(b)(1)-(4).

32. Pursuant to Title 42 U.S.C., Chapter 126, Subchapter III §12181(7)(A)(B) and 28 C.F.R. §36.104, Defendants' Property is a place of public accommodation in that it is an outlet mall facility which provides shopping, food, beverages and other services to the public.

33. Pursuant to Title 42 U.S.C., Chapter 126, Subchapter III §12181(7)(A)(B) and 28 C.F.R. §36.104, the building and/or Subject Facility which is the subject of this action is a public accommodation covered by the "Federal ADA" and which must be in compliance therewith.

34. The Plaintiff is informed and believes, and therefore alleges that the Subject Facility has begun operations and/or undergone substantial remodeling, repairs and/or alterations since January 26, 1990.

35. Defendants have discriminated, and continue to discriminate, against the Plaintiff, and others who are similarly situated, by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at Defendants' Property, in derogation of Title 42 U.S.C., Chapter 126, Subchapter III §12101 et. seq., and as prohibited by Title 42 U.S.C., Chapter 126, Subchapter III §12182 et. seq., and by failing to remove architectural barriers pursuant to Title 42 U.S.C., Chapter 126, Subchapter III §12182(b)(2)(A) et. seq., where such removal is readily achievable.

36. The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at Defendants' Property.

37. Prior to the filing of this lawsuit, the Plaintiff visited Defendants' Property and was denied full and safe access to all the benefits, accommodations and services of the Defendants.

38. Prior to the filing of this lawsuit, the Plaintiff personally visited, used or attempted to use the Defendants' Property, on or about dates above mentioned, with the intention of using and enjoying the Property.

39. When Plaintiff realized that there were violations of the "Federal ADA" at the Property, he began perusing and cataloging these violations.

40. Plaintiff visited the property with the desire of enjoying it, and possibly publishing information regarding the quality and the accessibility of Defendants' facilities, but was denied full and safe access to the facilities of Defendants' Property, and therefore suffered an injury in fact.

41. In addition, Plaintiff continues to desire to visit Defendants' Property in the future, but continues to be injured in that he is unable to and continues to be discriminated against due

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

to the architectural barriers which remain at Defendants' Property, all in violation of the "Federal ADA".

42. The Defendants have discriminated against the individual Plaintiff by negligently denying him access to and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by Title 42 U.S.C., Chapter 126, Subchapter III §12181(7)(A)(B) et seq.

43. The Defendants have discriminated, and are continuing to discriminate against the Plaintiff in violation of the "Federal ADA" by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

44. A preliminary inspection of the Defendants' Property has shown that violations exist.

45. Pursuant to the mandates of Title 42 U.S.C., Chapter 126, §12101, the Architectural and Transportation Barriers Compliance Board (Access Board) is the government agency who has the responsibility to write the safe harbor for design and construction to be in compliance with the "Federal ADA" law and published the following:

(i) ADA Accessibility Guidelines 28 CFR Part 36 (56 FR 35544, July 26, 1991).

(ii) ADA & ABA Accessibility Guidelines; Final Rule (published in the Federal Register on July 23, 2004, guidelines effective September 21, 2004), hereinafter referred to as "ADAAG".

46. The Defendants' Subject Facility is in violation of Title 42 U.S.C., Chapter 126, Subchapter III §12181 et.seq., the ADA and 28 C.F.R. §36.302 et. seq., and is discriminating against the Plaintiff as a result of inter alia, the following specific violations, pursuant to the mandates of Title 42 U.S.C., Chapter 126, Subchapter III §12188(a)(b) and §12181 et. seq. the ADA and 36 CFR Parts 1190 and 1191, with an effective date of September 21, 2004.

47. The American with Disabilities Amendments Act of 2008 P.L. 110-325

Title 42 – The Public Health and Welfare

Chapter 126 – Equal Opportunity for individual with Disabilities

Subchapter III – Public Accommodations and services operated by Private Entities

Section 12182 – Prohibition of discrimination by public accommodations

(a) General Rule

No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

### A. Building Blocks

| | |
|---|---|
| 302 | Floor or Ground Surface |
| 303 | Changes in Level |
| 304 | Turning Space |
| 305 | Clear Floor or Ground Space |
| 306 | Knee and Toe Clearance |
| 307 | Protruding Objects |
| 308 | Reach Ranges |
| 309 | Operable Parts |

### B. Accessible Route

| | |
|---|---|
| 206.2.1 | Site Arrival Points |
| 206.2.2 | Within A Site |
| 206.2.3 | Multi-Story Buildings and Facilities |
| 206.2.8 | Employee Work Areas |
| 206.3 | Location |
| | |
| 402 | Accessible Routes |
| 403 | Walking Surfaces |
| 404 | Doors, Doorways and Gates |
| 405 | Ramps |
| 406 | Curb Ramps |
| 407 | Elevators |

### C. General Site and Building Elements

| | |
|---|---|
| 502 | Parking Spaces |
| 503 | Passenger Loading Zone |
| 504 | Stairways |
| 505 | Handrails |

### D. Plumbing Elements and Facilities

| | |
|---|---|
| 602 | Drinking Fountains |
| 603 | Toilet and Bathing Rooms |
| 604 | Water Closets and Toilet Compartments |
| 605 | Urinals |
| 606 | Lavatories and Sinks |
| 609 | Grab Bars |
| 610 | Seats |

### E. Communication Elements and Features

| | |
|---|---|
| 702 | Fire Alarm Systems |
| 703 | Signs |
| 704 | Telephone |
| 705 | Detectable Warnings |
| 706 | Assistive Listening Systems |
| 707 | Automatic Teller Machines and Fare Machines |

### F. Special Rooms, Spaces, and Elements

| | |
|---|---|
| 802 | Wheelchair Spaces, Companion Seats, and Designated Aisle Seats |
| 803 | Dressing, Fitting, and Locker Rooms |
| 804 | Kitchens and Kitchenette |
| 811 | Storage |

### G. Built-In Elements

| | |
|---|---|
| 902 | Dining Surfaces and Work Surfaces |
| 903 | Benches |
| 904 | Check-Out and Sales and Service Counters |

### H. Recreation Facilities

| | |
|---|---|
| 1008 | Play Area |

48. Plaintiff has not, and is not required under law to list each and every one of the violations of the "Federal ADA" with specificity.

49. The Ninth Circuit Court of Appeals has held that one visit to a public accommodation and encountering or knowing of barriers in violation of the "Federal ADA", which deter future visits to the public accommodation, confer standing on a plaintiff and the right to conduct a Rule 34 Inspection on the whole of the public areas of the public accommodation.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

> In so holding, we agree with Steger v. Franco, Inc., 228 F.3d 889 (8th Cir.2000), in which the Eighth Circuit held that a blind plaintiff who had only once attempted to enter the defendant's building had standing to bring an ADA challenge. The plaintiff was thwarted in his attempt to gain access to the men's restroom in the building because the signage did not comply with the ADA. Id. at 893-94. Like that plaintiff, Doran has personally encountered certain barriers that bar his access to Holiday's Paradise store. Further, the Steger court rejected the defendant's argument that the blind plaintiff could challenge the ADA violation only as to the restroom he had attempted to access, stating that such a "narrow construction" of the ADA would be "not only ... inefficient, but impractical." Id. See also Parr v. L & L Drive-Inn Restaurant, 96 F.Supp.2d 1065, 1080-81 (D.Haw.2000) ("This court is reluctant to embrace a rule of standing that would allow an alleged wrongdoer to evade the court's jurisdiction so long as he does not injure the same person twice.... Plaintiff should not be required to encounter every barrier seriatim... to obtain effective relief." (internal quotations and citation omitted)). We agree with the Eighth Circuit that Doran need not necessarily have personally encountered all the barriers that bar his access to the Paradise store in order to seek an injunction to remove those barriers. (Emphasis Added). Pickern v. Holiday Quality Foods Inc., 293 F.3d 1133 (9th Cir., 2002).

50. The discriminatory violations described in paragraph 24 A-H, are not an exclusive list of the Defendants' "Federal ADA" violations.

51. Plaintiff requires a complete building ADA accessibility audit, by an architect who has 10 years experience in accessibility compliance, of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the "Federal ADA" and all of the barriers to access.

52. Plaintiff requires a complete set of the "Federal ADA" retrofit permit drawings to be done on the REVIT platform by the owner's architect who has 10 years experience in accessibility compliance.

53. The "Federal ADA" retrofit permit drawing will be planchecked and approved and so stamped by architect who did the audit.

54. Plaintiff requires a licensed contractor with 5 years of accessibility compliance work to price the "Federal ADA" retrofit permit drawings and guarantee that price if awarded the retrofit contract.

55. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the

Defendants' buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' "Federal ADA" violations, as set forth above.

56. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury, and damage without the immediate relief provided by the "Federal ADA" as requested herein.

57. In order to remedy this negligent discriminatory situation, the Plaintiff requires an accessibility audit of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the "Federal ADA".

58. The date to start the audit will be set by the attorneys of the Defendants and Plaintiff in agreement with the Court no later than 32 days after filing of the "Federal ADA" non-compliant building complaint.

59. Defendants have discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of Title 42 U.S.C., Chapter 126, Subchapter III §12181 et seq. and 28 CFR 36.302 et seq.

60. Furthermore, the Defendants continue to negligently discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of architectural barriers and the absence of auxiliary aids and services.

61. Plaintiff is without adequate remedy at law and is suffering irreparable harm and damages. Plaintiff has retained the undersigned counsels and is entitled to recover attorney's fees, costs, and litigation expenses from the Defendants pursuant to Title 42 U.S.C., Chapter 126, Subchapter III §12188(a) and 28 CFR §36.505; and as also listed in Regulation from Title III Section 36.505 which states that courts are authorized to award attorneys fees, including litigation expenses and costs as provided in Section 505 of the Act.

62. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation

that has existed prior to January 26, 1992, 28 CFR §36.304(a); in the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR §36.402.

63. Notice to Defendant is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

64. All other conditions precedent have been met by Plaintiff or waived by the Defendants.

65. Pursuant to Title 42 U.S.C., Chapter 126, Subchapter III §12188(a)(2), this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendants to alter The Defendants' Facilities to make those facilities readily accessible and usable to the Plaintiff and all other persons with disabilities as defined by the "Federal ADA"; or by closing the facility until such time as the Defendants cure their violations of the "Federal ADA".

66. Upon information and belief, there are other current violations of the "Federal ADA" at Defendants' Property, and only once a full ADA accessibility audit is done can all said violations be identified.

67. To date, the architectural barriers and other violations of the "Federal ADA" still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the "Federal ADA".

68. Pursuant to the "Federal ADA", Title 42 U.S.C., Chapter 126 §12101 et seq., and 28 C.F.R. §36.304, the Defendants were required to make the Subject Facility, a place of public accommodation, accessible to persons with disabilities since January 28, 1992.

69. To date, the Defendants have negligently failed to comply with this mandate.

70. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action.

71. The Plaintiff is entitled to have his reasonable attorney's fees, litigation expenses, and expenses paid by the Defendants, pursuant to Title 42 U.S.C., Chapter 126, Subchapter III §12205.

72. Pursuant to Title 42 U.S.C., Chapter 126, Subchapter III §12188(a)(2), this Court is vested with the authority to grant the Plaintiff Injunctive Relief; including an order to alter the subject facilities to make them readily accessible to and usable by individuals with disabilities to the extent required by the "Federal ADA", and closing the subject facilities until the requisite modifications are completed.

**WHEREFORE,** the Plaintiff hereby demands judgment against the Defendants and requests the following injunctive and declaratory relief:

A. The Court declares that the Subject Property and Subject Facility owned, operated, leased, controlled, and/or administered by the Defendants is in violation of the "Federal ADA";
B. The Court enter an Order requiring the Defendants to alter their facilities and amenities to make them accessible to and usable by individuals with disabilities to the full extent required by the "Federal ADA";
C. The Court enter an Order pursuant to any legally cognizable Jury Verdict rendered in this case;
D. The Court award reasonable attorney's fees, all costs (including, but not limited to court costs and expert fees), litigation expenses, to the Plaintiff.
E. The court enter an Order directing the Defendant to remove the ADA barriers within the next 365 days; at the end of the ADA retrofit, but no longer than 365 days; at the Defendants expense pay for the Plaintiff and the Plaintiff's ADA expert to review the ADA retrofit and issue an opinion.
F. The Court award such other and further relief as it deems necessary, just and proper.

### DEMAND FOR JURY TRIAL

The Plaintiff hereby demands a trial by jury on all issues so triable as a matter of right.

Respectfully submitted,

Date: 01/09/2017         /s/ James C. Higgs & /s/ Michael C. Hyde
                         By: James C. Higgs
                         By: Michael C. Hyde
                         Stein Higgs & Hyde PLLC
                         117 South University Avenue
                         Mount Pleasant, MI 48858
                         Tel: 989-546-7295

ADA/ACCESS Advocates/00-Advocates/2016/SAAR.03-15-49423-WISA/Complaint/DR01.031516

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**