UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM SAAR,

        Plaintiff,                                Hon. Ellen S. Carmody

v.                                                        Case No. 1:17-cv-41

TANGER FACTORY OUTLET
CENTERS, INC., et al.,

        Defendants.
_____/

## OPINION

This matter is before the Court on <u>Defendants' Motion for Judgment on the Pleadings</u>. (ECF No. 26). The parties have consented to proceed in this Court for all further proceedings, including trial and an order of final judgment. 28 U.S.C. § 636(c)(1). By Order of Reference, the Honorable Janet T. Neff referred this case to the undersigned. For the reasons discussed herein, Defendants' motion is **granted** and this action **dismissed**.

## BACKGROUND

Plaintiff initiated this action on January 13, 2017, alleging that Byron Center Tanger Outlet Mall was constructed in violation of the Americans with Disabilities Act (ADA). Specifically, Plaintiff alleges in his Amended Complaint that "handicapped parking is not closest to the entrances and there was not one single door that had any way to open without someone holding it." Plaintiff seeks injunctive relief. Defendants now move to dismiss the present action on the ground that Plaintiff lacks standing. Plaintiff has failed to timely respond to Defendants' motion and neither

1

offers justification for his untimely response nor seeks leave to have his untimely response considered by the Court.

## **LEGAL STANDARD**

Defendants' motion for judgment on the pleadings, asserted under Federal Rule of Civil Procedure 12(c), is evaluated pursuant to the standard applicable to motions to dismiss for failure to state a claim under Rule 12(b)(6). *See Heinrich v. Waiting Angels Adoption Services, Inc.*, 668 F.3d 393, 403 (6th Cir. 2012). A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory

2

> statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

## ANALYSIS

Article III, § 2 of the United States Constitution provides that the "judicial Power" of the United States extends only to "Cases" and "Controversies." Because the terms "case" and "controversy" conceivably encompass many matters more appropriately addressed by the executive or legislative branches of government, these terms have been interpreted as referring to those "cases and controversies of the sort traditionally amenable to, and resolved by, the judicial process." *Steel Company v. Citizens for a Better Environment*, 523 U.S. 83, 102 (1998). One element of the case or controversy requirement is that plaintiffs must establish that they have standing to pursue a particular claim. *See Raines v. Byrd*, 521 U.S. 811, 818 (1997).

To establish standing to litigate a particular matter, a plaintiff must satisfy three requirements. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). First, the plaintiff must have suffered an "injury in fact." The plaintiff must next establish "a causal connection between the injury and the conduct complained of." In other words, the plaintiff's injury must be "fairly. . .trace[able] to the challenged action of the defendant, and not. . .th[e] result [of] the independent action

of some third party not before the court." *Ibid.* The plaintiff must also establish a likelihood that his injury will be "redressed by a favorable decision." *Id.* at 561.

The standing requirement is not to be lightly disregarded. As the Supreme Court stated, "[w]e have always insisted on strict compliance with the jurisdictional standing requirement" because "federal courts may exercise power only 'in the last resort, and as a necessity.'" *Raines*, 521 U.S. at 819. Finally, Plaintiff bears the burden of establishing that he has standing to assert his claims in a federal forum. *See Lujan*, 504 U.S. at 561.

Where, as here, a plaintiff is seeking only injunctive relief, he must establish that he "is under threat of suffering an injury in fact." *Gaylor v. Hamilton Crossing CMBS*, 582 Fed. Appx. 576, 579 (6th Cir., Sept. 4, 2014). The threat of a prospective injury "must be real and immediate and not premised upon the existence of past injuries alone." *Ibid.* In the context of an ADA claim, "a plaintiff demonstrates the requisite threat of future injury where he establishes (1) a plausible intent to return to the noncompliant accommodation or (2) that he would return, but is deterred from visiting the noncompliant accommodation because of the alleged accessibility barriers." *Id.* at 580.

Vague and conclusory allegations that a plaintiff intends to return to a location, however, are insufficient to maintain an ADA claim. *See, e.g., Bowman v. Kisan, LLC*, 2014 WL 6605605 at *5 (M.D. Tenn., Nov. 19, 2014). When assessing whether a plaintiff's alleged intent to return to a location is genuine, courts consider the following factors: (1) the proximity of the accommodation to the plaintiff's residence; (2) the plaintiff's past patronage of the accommodation; (3) the "definiteness" of the plaintiff's plans to return; and (4) the plaintiff's frequency of travel near the defendant. *See Miles v. Garland Lodge and Resort LLC*, 2017 WL 82973 at *2 (E.D. Mich., Jan. 10, 2017).

4

In his Amended Complaint, Plaintiff offers two vague and conclusory statements regarding his alleged intent to return to the Byron Center Tanger Outlet Mall:

> The Plaintiff has visited, used, or attempted to use the property which forms the basis of this lawsuit on, about and between the dates above referenced, and but for the negligent discrimination they (sic) encountered on the visit, plans to, and intends to, return to the property to avail themselves (sic) of the goods and services offered to the public at the property.
>
> In addition, Plaintiff continues to desire to visit Defendants' Property in the future, but continues to be injured in that he is unable to and continues to be discriminated against due to the architectural barriers which remain at Defendants' Property, all in violation of the "Federal ADA."

In light of the factors identified above, Plaintiff's allegations are insufficient. Plaintiff alleges that he visited the subject property on a single occasion at which time he was a resident of Kent County, Michigan, the county in which the property in question is located. Plaintiff alleges that he has since moved, however, to a neighboring county. Plaintiff's complaint contains no allegations regarding the frequency with which, if at all, he travels to the Byron Center area. Finally, Plaintiff's assertions, quoted above, hardly establish that his intention to return to the subject property are definite. Rather, Plaintiff's allegations are simply imprecise boilerplate.

In response to Defendants' motion, Plaintiff asserts that he lives 29.5 miles from the subject property and "frequently travels near the Property." These allegations do not advance Plaintiff's cause, however, for two reasons. First, these allegations are not contained in Plaintiff's complaint, the pleading which is presently subject to examination. *See, e.g., Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008) (a motion under Rule 12 "is a test of the plaintiff's cause of action as stated in the complaint"). The Court notes that Plaintiff previously amended his complaint and failed to include these particular allegations therein. Second, even if these particular allegations are

considered, they do not alter the conclusion that Plaintiff has failed to sufficiently allege his intention to return to the subject property. The Court finds that the present circumstance is not appreciably different from that addressed in the *Bowman* case, where the court dismissed, on standing grounds, an ADA claim:

> Here, Bowman makes only conclusory and insufficient allegations concerning his intent to return. In ¶ 21, he alleges that "Plaintiff, or an agent of Plaintiff, intends to return and/or has returned to Defendant's Hotel to ascertain whether it remains in violation of the ADA." This sentence is pure boilerplate and fails to allege with any degree of specificity that Bowman himself intends to return to the Drake Hotel. Paragraph 21 also states, without any further explanation, that "Plaintiff expects to return to Nashville on business and seeks to use Defendant's hotel." Unlike the allegations in *Gaylor* and other cases cited by Bowman, this conclusory statement is insufficient to support a plausible inference that Bowman actually intends to return to the Drake Hotel or that he has been deterred from visiting the hotel again because of its alleged lack of a pool lift. Bowman does not allege that he travels to Nashville often, that he has some fixed engagement or specific future plans related to Nashville, or even that he has any particular motivation (family, friends, a particular fraternal organization, etc.) to visit Nashville or to stay at the Drake Hotel in the future. In the face of Kisan's facial challenge, Bowman has failed to meet his burden to show that his allegations plausibly support the prospect of "actual" or "imminent" injury from Kisan's alleged failure to include a pool lift.

*Bowman*, 2014 WL 6605605 at *5.

In conclusion, Plaintiff has failed to sufficiently allege that he will suffer a future injury in the absence of injunctive relief. Accordingly, Defendants' motion to dismiss is granted and Plaintiff's action is dismissed. A Judgment consistent with this Opinion will enter.

Dated: January 12, 2018     /s/ Ellen S. Carmody
                            ELLEN S. CARMODY
                            U.S. Magistrate Judge